Filing # 75068942 E-Filed 07/17/2018 01:18:01 PM

IN THE CIRCUIT COURT FOR THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

CASE NO: 2016-CA-1379-AN

ALINA FLEITES,

    Plaintiff,

vs.

WAL-MART STORES EAST, L.P.,

    Defendant.

_____/

## AMENDED COMPLAINT

COMES NOW Plaintiff, ALINA FLEITES, and sues Defendant, **WAL-MART STORES EAST, L.P.** and alleges:

1. This is an action for damages that exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff is a natural person residing in Osceola County, Florida.

3. At all times material to this action, **WAL-MART STORES EAST, L.P.** is a Florida corporation licensed to do business in the State of Florida.

4. At all times material hereto, Defendant was the owner and in possession of that certain business located at 4400 13th Street, St. Cloud, FL 34769, said business being that of retail store, open to the general public, including the Plaintiff herein.

5. On or about February 28, 2015, Plaintiff visited Defendant's premises located at the above address to shop.

1

6. At said time and place, Plaintiff was a guest at the retail store, lawfully upon the premises of the Defendant, who owed Plaintiff a duty to exercise reasonable care for her safety.

7. At said time and place, Defendant breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the area, thus creating a slip or trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b) Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the liquid substance constituted a slip or trip hazard to guests utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

c) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid substance on the floor, when Defendant knew or through the exercise of reasonable care should have known that said liquid substance on the floor was unreasonably dangerous and that Plaintiff was unaware of same; and

d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of the liquid substance on the floor on Defendant's premises, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

e) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting the premises for dangerous conditions;

f) Negligently failing to train and/or inadequately training its employees to inspect the premises for dangerous conditions;

g) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

h) Negligently failing to act reasonably under the circumstances;

i) Negligently failing to render aid to the Plaintiff after her fall and/or negligently rendering aid to the Plaintiff after her fall.

j) Defendants engaged in a negligent mode of operation by allowing invitees/guests to travel in an area without warning signs of slippery conditions present. Further, Defendants engaged in a negligent mode of operation by allowing a clear liquid to remain on the floor creating a hazardous and dangerous condition.

8. As a result, while Plaintiff was visiting Defendant's business, she slipped and fell on liquid substance, sustaining injuries as set forth.

9. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury in and about his/her/their body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, ALINA FLEITES, sues the Defendant, WALMART, for damages and demands judgment in excess of Fifteen Thousand Dollars ($15,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 17th, 2018**, I electronically filed the foregoing with the Clerk of the Courts by using the Florida Courts e-Filing Portal. I further certify that pursuant to Rule 2.516(b)(1) I forwarded the foregoing this same day via email to: Kurt Alexander, Esquire, Kendall B. Rigdon, Esquire, Andrea D. Ortiz, Esquire, and Thomas Edens, Esquire, Rigdon, Alexander & Rigdon, LLP; eService@rigdonalexander.com.

/s/ *Carla Nadal, Esquire*
CARLA NADAL, ESQ.
F.B.N.: 0117162
MORGAN & MORGAN, P.A.
198 Broadway Avenue
Kissimmee, FL 34741
Telephone No.: (407) 452-6990
Facsimile: (407) 452-6989
Primary email: CNadal@forthepeople.com
Secondary email: NLondono@forthepeople.com
Tertiary: JasminRodriguez@forthepeople.com
*Attorneys for Plaintiff*

4